Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br> VALERIE M. VALFRE <br> Debtor. | Chapter 7 <br><br> No: 2-08-bk-10088-RTB |
| WELLS FARGO FINANCIAL, INC., <br> Movant, <br> v. <br> VALERIE M. VALFRE and <br> S. WILLIAM MANERA, Trustee, <br> Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Movant, the holder of a claim secured by an interest in certain real property and rents, issues and profits therefrom, hereby move and apply to the Court for an order modifying the stay provided by ll U.S.C. §362 and other stays against lien enforcement with respect to the property, rents, issues and profits; and enjoining or conditioning the use, sale or lease of such property, rents, issues and profits as necessary to provide adequate protection of Movant's interest in the

48137-90948/RMH/JMC2/796942_v1

property. The relief requested is more particularly set forth in the following Memorandum of Points and Authorities, upon which this Motion and Application is based.

### MEMORANDUM OF POINTS AND AUTHORITIES

FACTS:

1. Movant is the present owner and holder of a Deed of Trust, which is a valid and perfected lien on the real property described in the contract (hereinafter the "Property") together with any rents, issues and profits therefrom. True copies of the Deed of Trust are attached hereto as Exhibits "A" and "B", respectively, and made a part hereof by this reference.

2. Movant is a party with a possessory interest in the Property evidenced by the Deed of Trust described as follows:

> LOT 149, OF VINEYARD HILS ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 601 OF MAPS, PAGE 18.

3. The Debtor, if any, has, claims or may claim an interest in the Property which are junior and subsequent to Movant's interest.

4. This Application and Motion arises under Title ll, U.S.C. in the following described case which has been referred to and is pending in the United States Bankruptcy Court for the District of Arizona:

    DEBTOR:         VALERIE M. VALFRE
    CASE NUMBER:    2-08-bk-10088-RTB
    CHAPTER:        7
    FILING DATE:    August 7, 2008

5. The Debtor is in default for failure to pay installments under said Deed of Trust, leaving a balance due in the principal sum of $212,646.30, plus accrued and accruing interest.

6. The Debtor is currently delinquent relative to installment payments for the period of April, 2009 through April, 2010. There have been no further payments or any provision for adequate protection.

48137-90948/RMH/JMC2/796942_v1

7. Movant has incurred, or may incur, certain costs, including, without limitation, foreclosure title searches, attorneys fees, trustee's fees, taxes, insurance premiums, court costs, costs of sale, and other costs, all of which are secured by the Deed of Trust.

8. Pursuant to the Deed of Trust, the entire unpaid principal, interest, late fees, and costs are due and payable and Movant do hereby declare the entire unpaid principal, interest, and charges due and payable.

9. Movant is informed and believes and therefore allege that the Debtor, if any, are using the Property.

10. Movant does not have, and has not been offered, adequate protection for Movant's interest in the Property.

11. Movant is informed and believes and therefore alleges that Debtor has no reasonable prospect or reorganization.

12. Movant is informed and believes and therefore alleges that the fair market value of the Property after deduction of selling costs is less than the sum of Movant's secured claims plus other liens, encumbrances, and exemptions provided by law and that the Property, rents, issues and profits therefrom are burdensome and inconsequential value to the estate.

LAW:

(A) AUTOMATIC STAY:

Pursuant to 11 U.S.C.§362(d) Movants are entitled to relief form the automatic stay to enforce their lien or either of two grounds: (1) for cause including lack of adequate protection of an interest in the Property, or (2) the Debtor has no equity and the Property is not necessary to an effective reorganization. Implicit in the second of these is that, unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property. *E.g., Frankford Trust Company v. Dublin Property, (In re Dublin Properties). 4 C.B.C. 2d 885, 889 (E.D. Pa., Bankr., l981).*

On only one issue does a Movant requesting relief from the stay have the burden of proof and that is the issue of the Debtor's equity in the Property. On all other issues any party opposing

48137-90948/RMH/JMC2/796942_v1

relief has the burden of proof. 11 U.S.C.§362(g). Unless a party opposing relief produces evidence on these points, a Movant is entitled to relief without presenting any evidence whatsoever. *See, Gauvin v. Wagner (In re Gauvin), 8 C.B.C.2d 359, 361, 10BCD 219, 24 B.R. 578 (9th Cir BAP 1982).* Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id

(B) RELIMINARY HEARING:

As noted above, any party resisting from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection. A party requesting relief from the stay receives it automatically 30 days after the date of its request unless the Court after a notice and hearing orders the stay extended. 11 U.S.C.§362(e)(1). *See Dublin Properties, 4 C.B.C. 2d at 889.*

REQUEST FOR RELIEF:

For the reasons set forth above, Movants respectfully request:

1. That all stays, including without limitation, injunctions, restraining orders, and the automatic stays provided by ll U.S.C.§362 and §524, be vacated with respect to the Property, or modified to permit Movant, or its agents, attorneys, employees and assigns and such other persons as the Court shall deem appropriate to take any and all actions to assert its rights to the Property under the Deed of Trust, other security agreements, and non-bankruptcy law, including without limitation the rights: to declare all sums secured to be immediately due and payable; to exercise any assignment of rents; to bring a judicial foreclosure action in any Court of competent jurisdiction; to apply all funds in the possession of the Movants under the provisions of the Deed of Trust or other security agreement; and to sell the Property or any part thereof pursuant to the Deed of Trust or to any other valid security agreement.

2. That, pending a final hearing on the merits, an order be entered permitting Movants to record, mail, post and publish Notice of Trustee's Sale pursuant to A.R.S.§33-801 et, seq; but enjoining Movants to continue the Trustee's Sale from time to time as necessary until this

4

Court grants further relief pursuant to ll U.S.C.§362(d) or (e) or until the automatic stay expires by operation of law.

    3.    In the alternative, that Movant is entitled to adequate protection of his interest in the Property and more specifically in that alternative, that the Debtor be ordered to make periodic cash payments to Movant equal to the fair rental value for the use and occupancy of the Property from the date of bankruptcy and that the Debtor be directed to maintain adequate hazard insurance on the Property to protect the interest of Movant and further, that Movant shall have a claim with priority over every other claim allowable under 11 U.S.C.§507(a)(1) for any claim of Movant arising from the failure of the Debtor to adequately protect the interest of Movant in the Property.

    4.    Movant is also requesting that the Court allow Movant to immediately secure its collateral/property without having to wait fourteen days from the date of this Order as otherwise required under Rule 7062. Good cause exist for this insofar as the property which is in question is both depreciable and mobile and there is always concern by Movant with reference to this type of property concerning the continued use by the Debtor when payments are not being made. Movant has no objection to waiting fourteen days with reference to the sale after entry of Order.

CONCLUSION:

For the reasons set forth herein, Movant request entry of an Order Modifying Stays against lien enforcement; and granting such other and further relief as is just.

RESPECTFULLY SUBMITTED this 15th day of April, 2010.

**JABURG & WILK, P.C.**

    s/ Ronald M. Horwitz
Ronald M. Horwitz
Attorneys for Movant

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

48137-90948/RMH/JMC2/796942_v1

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed this 15th day of April, 2010, to: |
| 2 | |
| 3 | VALERIE M. VALFRE<br>719 W. Saint Kateri Dr.<br>Phoenix, AZ 85041 |
| 4 | |
| 5 | DEAN WILLIAM O'CONNOR<br>1430 E. Missouri Ave. #B-125<br>Phoenix, AZ 85014 |
| 6 | |
| 7 | S. WILLIAM MANERA<br>P.O. Box 44350<br>Phoenix, AZ 85064-4350 |

   s/ Jeanette Chavez

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

COPY of the foregoing mailed this 15th day of April, 2010, to:

VALERIE M. VALFRE
719 W. Saint Kateri Dr.
Phoenix, AZ 85041

DEAN WILLIAM O'CONNOR
1430 E. Missouri Ave. #B-125
Phoenix, AZ 85014

S. WILLIAM MANERA
P.O. Box 44350
Phoenix, AZ 85064-4350

  s/ Jeanette Chavez

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

6
48137-90948/RMH/JMC2/796942_v1